UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN LaFORGE                                                 CIVIL ACTION

VERSUS                                                       No. 07-523

ECC OPERATING SERVICES, INC., and                            SECTION: I/5

ORDER AND REASONS

Before the Court is a motion for summary judgment[1] filed on behalf of third-party defendant, Leon Duplessis & Sons, Inc., ("Duplessis").  For the following reasons, Duplessis' motion is **GRANTED.**

BACKGROUND

Plaintiff, John LaForge ("LaForge"), a resident of Louisiana and the owner and operator of a dump truck, was engaged in clean-up activities in the New Orleans area after Hurricane Katrina.[2] LaForge contracted with the Plaquemines Parish government ("PPG") to pick up, haul, and dump debris at the Empire Dump Facility ("Empire Pit"), located approximately 30 miles south of Belle Chasse, Louisiana.[3] The Empire Pit is allegedly controlled by ECC Operating Services, Inc., and Environmental Chemical Corporation (collectively, "ECCOS"), both California corporations.[4]

---

[1] Rec. Doc. No. 148.

[2] Rec. Doc. No. 1; Rec. Doc. No. 1-2, para. III.

[3] Rec. Doc. Nos. 1-2 para. III, 148-3 n. 2.

[4] Rec. Doc. Nos. 1-2 para. IV; 1.

On or about January 19, 2006, LaForge entered the Empire Pit to deposit debris and he was allegedly directed by ECC employees to a dump location.[5]  LaForge backed his truck into the aforementioned location and, as the truck's bed began to lift, the ground beneath the truck gave way, causing the truck to tip over and fall onto another vehicle.[6]  LaForge claims that as a result of the accident at the Empire Pit, he sustained physical injuries and his truck was rendered inoperable.[7]

On January 26, 2007, LaForge brought suit against ECCOS in the 25th Judicial District Court for Plaquemines Parish, State of Louisiana, alleging that ECCOS operated a hazardous dumpsite and seeking damages for personal injuries and damage to the dump truck resulting from the accident.[8]  On January 26, 2007, ECCOS removed LaForge's lawsuit to this Court, citing diversity jurisdiction.[9]

On May 24, 2007, ECCOS filed a third-party demand against Envirocon, Inc., ("Envirocon), a Montana corporation.[10]  ECCOS alleges that it executed a contract with Envirocon to perform work at the Empire Pit, which included the construction of access and

---

[5] *Id.* at V.

[6] *Id.* at VI.

[7] *Id.* at VII, VIII.

[8] *Id.* at IX.

[9] Rec. Doc. No. 1.

[10] Rec. Doc. No. 19, para. 1.

haul roads.[11]  ECCOS argues that, pursuant to the indemnity provision of the aforementioned contract, Envirocon is required to accept liability on behalf of ECCOS for any negligence committed by Envirocon in connection with the scope of its work at the Empire Pit.[12]  On August 17, 2007, Envirocon filed an answer and a counter-claim against ECCOS, alleging breach of contract for non-payment, detrimental reliance, and unjust enrichment.[13]

On October 22, 2007, Envirocon filed an amended answer and a third-party complaint against Duplessis.[14]  In its third-party complaint, Envirocon alleges that it executed a sub-contract with Duplessis to perform services relating to debris removal operations in Plaquemines Parish.[15]  Envirocon alleges that at the time of Laforge's accident, and pursuant to the aforementioned sub-contract, Duplessis' employees were acting as "flaggers" and "spotters" at the Empire Pit, and that these employees were responsible for controlling and directing trucks moving through "the dump zone."[16]  According to Envirocon, LaForge's damages were caused by Duplessis' employees' failure to warn LaForge of the

---

[11] *Id.* at IV.

[12] *Id.* at para. VII.

[13] Rec. Doc. No. 38, paras. 30-41.

[14] Rec. Doc. No. 64.  In its third-party complaint, Envirocon also asserts claims against Newpark Mats and Integrated Services, L.L.C., as successor in interest to Soloco TX, L.L.C..

[15] Rec. Doc. No. 64, p. 4, para. 11.

[16] Rec. Doc. No. 64.

hazardous dump site.  As such, Envirocon asserts that it is shielded from liability by the indemnity provision in the sub-contract agreed to by Envirocon and Duplessis.[17]

On May 5, 2008, Duplessis filed this motion for summary judgment asserting that no genuine issue of material fact exists with respect to Envirocon's claims against Duplessis and that Duplessis is entitled to judgment as a matter of law.[18] Specifically, Duplessis asserts that its sub-contract with Envirocon obligated Duplessis to perform work at the Walker Road landfill, not the Empire Pit.[19]  Duplessis argues that although it had a contract with the PPG to haul debris to the Empire Pit at the time of LaForge's accident, Duplessis did no other work at that location.[20]  Therefore, Duplessis argues that because Duplessis was not responsible for the work conducted at the Empire Pit, it has no liability in connection with the claims asserted in Laforge's lawsuit.[21]

On May 13, 2008, Envirocon filed a motion for leave to file an amended third party complaint.[22]  In its proposed amended third-

---

[17] *Id.* at 17.

[18] Rec. Doc. No. 148-2.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] Rec. Doc. No. 153.

party complaint,[23] Envirocon alleges that, as evidenced by a load ticket dated January 18th, 2006, Duplessis was the contractor responsible for loading LaForge's dump truck.[24] According to Envirocon, Duplessis negligently overloaded LaForge's truck by 87,000 pounds and, as a result, the ground beneath LaForge's truck gave way. As such, Envirocon alleges that Duplessis is liable for LaForge's injuries and the damages sustained by LaForge's truck and prays that a judgment be rendered in Envirocon's favor against Duplessis.[25]

On June 11, 2008, Envirocon filed a motion to withdraw its motion for leave to file the amended third-party complaint asserting negligence claims against Duplessis.[26] On June 20, 2008, United States Magistrate Judge Karen W. Roby granted Envirocon's motion to withdraw its motion for leave.[27] Consequently, the only claims pending against Duplessis are those arising from the indemnity provision in its sub-contract with Envirocon.

## LAW AND ANALYSIS

I. **STANDARD OF LAW**

---

[23]In its proposed amended third-party complaint, Envirocon also asserts claims against LA Demolition & Trucking, L.L.C., Chad Caldwell Tapping & Testing, and Hard Rick Construction, L.L.C., as successor to Hard Rock Construction Co.. Rec. Doc. No. 153-10, p. 17.

[24]Rec. Doc. No. 153-10, pp. 19-20, para. 12; Rec. Doc. No. 153-5.

[25]Rec. Doc. No. 153-10, pp. 20, 23.

[26]Rec. Doc. Nos. 164.

[27]Rec. Doc. No. 172.

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine

issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

## II. DISCUSSION

### A. CONTRACT CLAIMS

Duplessis avers that, in light of the fact that the sub-contract between Duplessis and Envirocon did not obligate Duplessis to perform work at the Empire Pit, Duplessis is entitled to judgment as a matter of law with respect to Envirocon's contract-based claims.[28] In its memorandum in opposition to this motion, Envirocon states that it does not oppose the dismissal of its contract-based claims against Duplessis.[29]

Accordingly,

---

[28] Rec. Doc. No. 148.

[29] Rec. Doc. No. 154, p. 1.

**IT IS ORDERED** that Duplessis' motion for summary judgment is **GRANTED** and that Envirocon's claims against Duplessis are **DISMISSED WITH PREJUDICE**.[30]

New Orleans, Louisiana, July 15, 2008.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[30] The Court notes that ECCOS and Soloco each filed memoranda opposing Duplessis' motion for summary judgment. Rec. Doc. Nos. 150, 155. Similar to Envirocon's assertion in its proposed amended third-party complaint, ECCOS and Soloco assert that Duplessis caused Laforge's damages by negligently overloading Laforge's dump truck. Rec. Doc. Nos. 150, 155, 172. ECCOS and Soloco submit that even if the Court dismisses Envirocon's contractual-based claims against Duplessis, such a dismissal does not amount to a finding of "no tort liability" with respect to Duplessis. Rec. Doc. No. 150, p. 2. As such, ECCOS and Soloco assert that they should be permitted to list Duplessis as a tortfeasor on jury forms and to present evidence regarding Duplessis' negligence with respect to Laforge's accident. *Id.* at pp. 2-3.
Louisiana Civil Code Article 2323(A) provides:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other persons's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

Considering ECCOS' and Soloco's arguments, and the applicable law, the Court's findings herein do not constitute a finding of "no tort liability" with respect to Duplessis. Therefore, pursuant to La. Civ. Code Ann. art. 2323(A), the remaining parties may present evidence regarding Duplessis' negligence with respect to Laforge's accident.