UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN LAFORGE                                          CIVIL ACTION

versus                                                No. 07-523

ECC OPERATING SERVICES, INC.                          SECTION: "I"/4

## ORDER AND REASONS

Before the Court is plaintiff's motion to strike all of the defenses and witnesses of defendants, Newpark Mats and Integrated Services, LLC and Soloco, TX, LLC (collectively "Newpark/Soloco")for misleading the Court into permitting Newpark/Soloco to add a witness after the deadline for submitting witness and exhibit lists.

On December 10, 2008, Newpark/Soloco amended its witness list well after the August, 2008[1] deadline to name Steve Peterson ("Peterson") as a witness. In response to plaintiff's motion to strike all witnesses, Newpark/Soloco argued that Peterson's testimony should be allowed because Newpark/Soloco had generally listed "Representative(s) of Newpark/Soloco" on its August 11, 2008 witness list. Newpark/Soloco clarified that it added Peterson after learning that Peterson, who was a Newpark/Soloco employee at the time that the witness list was amended, worked for defendant, Envirocon, Inc., at the time that the dump site at issue was constructed and that he had first-hand knowledge as a fact witness.

On April 22, 2009, the Court ordered Newpark/Soloco to notify

---

[1] The August 11, 2008 deadline was extended until August 29, 2008. Newpark/Soloco submitted a list on August 11, 2008 and then supplemented that list on August 29, 2008.

1

plaintiff's counsel by April 24, 2009 as to whether Newpark/Soloco intended to call Peterson as a witness. The Court further ordered that if Newpark/Soloco chose to call Peterson as a witness, then plaintiff could depose Peterson by May 25, 2009 and Newpark/Soloco would be required to "pay the depositions costs and attorney's fees associated with Peterson's deposition."[2]

Plaintiff filed this motion to strike, arguing that Newpark/Soloco advised plaintiff on April 24, 2009 that Peterson no longer worked for Newpark/Soloco and that Newpark/Soloco, therefore, had no control over him. Plaintiff argues that Newpark/Soloco misled the Court and that all of Newpark/Soloco's witnesses and defenses should be stricken or, in the alternative, Peterson should be stricken as a witness.

Newpark/Soloco responds that Peterson was laid off in March, 2009 and that counsel for Newpark/Soloco was not aware of the lay-off until after the Court's April 22, 2009 order. Newpark/Soloco argues that due to this lay-off, it cannot guarantee Peterson's appearance at a deposition or at trial. Newpark/Soloco further claims that Peterson's last known address, which Newpark/Soloco provided to plaintiff, is in Fruita, Colorado[3] and that Peterson is, therefore, outside of the Court's subpoena power.[4]

---

[2]Rec. Doc. No. 275.

[3]Plaintiff argues that Newpark/Soloco only provided Peterson's last known address despite plaintiff's request for Peterson's telephone number.

[4]According to an affidavit by Newpark/Soloco's counsel, counsel notified plaintiff's counsel on April 24, 2009 that Newpark/Soloco intended to call Peterson as a witness and that Peterson had been laid off. Counsel's affidavit

Despite Newpark/Soloco's argument that its counsel did not "guarantee" that Peterson was "currently" employed by Newpark/Soloco or that Peterson could be produced at his deposition, this was the Court's understanding during the Court's April 22, 2009 telephone conference with counsel for both parties. The trial is scheduled for June 29, 2009. Accordingly,

**IT IS ORDERED** that the motion is **GRANTED IN PART** and that Peterson, who was named as a witness months after the deadline, shall not be permitted to testify at trial unless he voluntarily appears for a deposition in New Orleans, Louisiana on or before May 25, 2009.

**IT IS FURTHER ORDERED** that plaintiff's request that the Court strike Newpark/Soloco's defenses and witnesses is **DENIED.**

**IT IS FURTHER ORDERED** that Newpark/Soloco shall pay the attorney's fees associated with the filing of this motion.[5]

New Orleans, Louisiana, May 11th, 2009.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

also declares that plaintiff's counsel made only one attempt to schedule Peterson's deposition when plaintiff's counsel sent correspondence stating that he was available for a deposition in Denver, which is more than 200 miles from Fruita. Counsel also stated in the affidavit that Peterson had not returned phone calls or pages.

[5]Although counsel was allegedly unaware of Peterson's termination, the Court assumes that counsel for Newpark/Soloco kept the client current as to the status of this litigation. Newpark/Soloco was aware of the termination and it should have notified counsel of the same.