UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN W. LAFORGE | CIVIL ACTION |
| VERSUS | No. 07-523 |
| ECC OPERATING SERVICES, et al. | SECTION I/4 |

## ORDER AND REASONS

Before the Court is a motion for declaration of judicial admissions filed by plaintiff, John LaForge.[1] Defendants, Newpark Mats and Integrated Services, L.L.C. ("Soloco"),[2] and Envirocon, Inc. ("Envirocon"),[3] oppose the motion.

In this motion, plaintiff claims that Soloco's current position with respect to material facts is different than Soloco's position earlier in the litigation. Plaintiff alleges that Soloco's motion for summary judgment represented that only one layer of mats was installed at the dump site. Plaintiff asserts that Soloco now claims that two layers of mats were installed at the time of plaintiff's accident. Plaintiff requests that the Court find that Soloco made a judicial admission "that only a single layer of mats was installed at the Empire Pit." Alternatively, plaintiff requests that Soloco be judicially estopped from arguing a contrary position.

---

[1] R. Doc. No. 322.
[2] R. Doc. No. 326. Newpark Mats and Integrated Services, L.L.C. is the successor in interest to Soloco, TX, L.L.C. and successor by merger to Soloco, L.L.C.
[3] Envirocon filed a brief on this issue stating its opposition to plaintiff's requested relief and adopting the arguments made by Soloco. See R. Doc. No. 337.

1

**I. Judicial Admissions**

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." Martinez v. Bally's Louisiana, Inc., 244 F.3d 474, 476 (5th Cir. 2001). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." Id. "[F]actual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party that made them." White v. ARCO/Polymers, Inc., 720 F.2d 1391, 1396 (5th Cir. 1983).

**II. Judicial Estoppel**

"Judicial estoppel is an equitable doctrine that prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." Hopkins v. Cornerstone America, 545 F.3d 338, 347 (5th Cir. 2008) (internal citations and quotations omitted).

Courts consider three factors in determining whether to apply judicial estoppel: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether a court has accepted the party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Ford-Evans v. United Space Alliance L.L.C., 329 Fed Appx. 519, 525 (5th Cir. 2009) (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)).

**III. Discussion**

As Soloco correctly notes in its brief, its current position is not inconsistent with its previous position. Soloco's memorandum in support of its motion for summary judgment stated that enough mats were provided for two layers on the west side of the Empire Pit site. It also

informed the Court that once the east side was shut down the mats were "out of service and available for use."[4] Accordingly, and essentially for the reasons provided by the defendant,

**IT IS ORDERED** that plaintiff's motion for a declaration of judicial admissions is **DENIED**.

New Orleans, Louisiana, December 30, 2009.

                                            **LANCE M. AFRICK**
                                   **UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. No. 178.