# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN W. LAFORGE | CIVIL ACTION |
| VERSUS | No. 07-523 |
| ECC OPERATING SERVICES, et al. | SECTION I/4 |

## ORDER AND REASONS

Before the Court is a motion in limine filed by plaintiff, John LaForge.[1] In the motion, plaintiff seeks to strike the affirmative defense of government contractor immunity asserted by defendant, Newpark Mats and Integrated Services, L.L.C. ("Newpark"), For the following reasons, the motion is **DENIED**.

The government contractor defense is a federal common law doctrine that acts to preempt state law and generally immunize government contractors from civil liability arising out of the performance of federal procurement contracts. Bailey v. McDonnell Douglas Corp., 989 F.2d 794, 797 (5th Cir. 1993). In order for a contractor to claim the government contractor defense, "(1) the government must have approved 'reasonably precise' specifications; (2) the equipment must have conformed to those specifications; and (3) the supplier/contractor must have warned of those equipment dangers that were known to the supplier/contractor, but not to the government. Kersetter v. Pacific Scientific Company, 210 F.3d 431,435 (5th Cir. 2000). The defense is "derived from the government's immunity from suit where the performance of a discretionary function is at issue." Id.

---
[1] R. Doc. No. 392.

1

Plaintiff alleges that the government contractor defense is inapplicable to Newpark for the following reasons: (1) Newpark did not directly have a contract with the government; (2) the government did not issue "reasonably precise" specifications for the mats; (3) Newpark did not warn the government about any latent hazards; and (4) Newpark raised this defense in an untimely manner. The Court will address each of these arguments in turn.

1. <u>Newpark did not have a contractual relationship with the government</u>.

Plaintiff argues that Newpark cannot assert the government contractor defense because Newpark was a subcontractor and it did not itself contract directly with the government.[2] Plaintiff's position, however, is at odds with the purpose of the government contractor defense. If contractors could be sued for harm caused by government design choices, "the financial burden of liability judgments against government contractors ultimately would be passed through to the United States." <u>Bailey</u>, 989 F.2d at 798 (5th Cir. 1993). If plaintiff's position is accepted, subcontractors exposed to liability will pass those increased costs to the prime contractors who will subsequently pass them to the government.

Plaintiff has not identified any cases on point that suggest that subcontractors do not qualify for the immunity. In <u>Garner v. Santoro</u>, the Fifth Circuit expressly reserved ruling on whether subcontractors can qualify for the government contractor defense. 865 F.2d 629, 637 (5th Cir. 1989).[3] Other circuit courts have not precluded a subcontractor from asserting a government contractor defense. <u>See, e.g.</u>, <u>Maguire v. Hughes Aircraft Corp.</u>, 912 F.2d 67 (3d Cir. 1990); <u>Ramey v. Martin-Baker Aircraft Co.</u>, 874 F.2d 946, (4th Cir. 1989).

---

[2] R. Doc. No. 392, p. 4. Newpark asserts, and plaintiff does not dispute, that it supplied the mats pursuant to a contract with Envirocon, Inc. Envirocon, in turn, was a subcontractor of Environmental Chemical Corporation, the corporation that held the prime contract with the government.

[3] The court did cite a district court case that held that the defense is applicable to a supplier to a company with a government contract. <u>Id.</u> (citing <u>Schwindt v. Cessna Aircraft Co.</u>, 1988 WL 148433 (S.D.Ga. Aug. 31, 1988)).

2

Because the principles underlying the government contractor defense support extending the defense to government subcontractors, the Court finds that Newpark's status as a subcontractor does not preclude it from relying on government contractor immunity as an affirmative defense.

2. <u>Lack of government specifications and failure of Newpark to warn of latent defects</u>.

Plaintiff argues that the government contractor defense is inapplicable in this case because the government did not issue reasonably specific specifications for the mats used by Newpark. Alternatively, plaintiff argues that Newpark failed to warn the government of the mats' latent defects. The Court finds that because an issue of fact remains as to both of these issues, Newpark should be permitted to introduce evidence to the jury concerning this defense.

3. <u>Timeliness</u>.

Plaintiff's final argument is that Newpark's failure to timely raise this defense should preclude Newpark from raising this issue at trial. Newpark raised this defense in its answer to plaintiff's complaint.[4] Plaintiff provides no support for its assertion that this defense should have been raised by Newpark with a motion. Accordingly, Newpark is entitled to rely on this defense at trial.

For the reasons stated above,

**IT IS ORDERED** that the motion in limine filed by plaintiff, John LaForge, is **DENIED**.

New Orleans, Louisiana, February 4, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. No. 131, p. 14.